**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FORCOME CO., LTD.,<br><br>Plaintiff,<br><br>PREMIER SPECIALTY BRANDS, LLC, as successor-in-interest to MASTERBUILT MANUFACTURING LLC (dba "Kamado Joe"); THE MIDDLEBY CORPORATION; and XYZ COMPANY DEFENDANTS 1-20.<br><br>Defendants. | ) | C.A. No. 1:24-cv-01058-RGA |

**OPENING BRIEF IN SUPPORT OF DEFENDANT THE MIDDLEBY CORPORATION'S MOTION TO DISMISS**


WILKS LAW, LLC
David E. Wilks (DE Bar No. 2793)
D. Charles Vavala (DE Bar No. 6098)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Email: dwilks@wilks.law
cvavala@wilks.law

MILLER & MARTIN PLLC
Eileen H. Rumfelt (GA Bar No. 040608)
Peter J. Critikos (GA Bar No. 347689)
1180 West Peachtree Street NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Email: Eileen.rumfelt@millermartin.com
Peter.critikos@millermartin.com

**Pro Hac Vice to be filed*

*Attorneys for Premier Special Brands, LLC and The Middleby Corporation*


Dated: January 2, 2025

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................... 1

II. NATURE AND STAGE OF PROCEEDING ................................................ 1

III. STATEMENT OF ARGUMENT ......................................................... 1

IV. BACKGROUND ............................................................................. 2

V. ARGUMENT .................................................................................. 3

A. Motion to Dismiss Standard ............................................................. 3

B. Rule 8(a) .......................................................................................... 3

C. Forcome's complaint is an impermissible shotgun pleading. ..................... 5

VI. CONCLUSION ............................................................................... 7

# TABLE OF AUTHORITIES

Page

Cases

*Ace Tree Surgery, Inc. v. Terex Corp.*,
No. 1:16-CV-00775-SCJ, 2017 WL 1836307 (N.D. Ga. Feb. 21, 2017)..............9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................ 3, 4, 8

*Bartol v. Barrowclough*,
251 F. Supp. 3d 855 (E.D. Pa. 2017).....................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................3, 4

*Creer v. World Rsrv. Monetary Exch.*,
No. SACV101101AGJCGX, 2011 WL 13268018 (C.D. Cal. Mar. 29, 2011)......9

*Ebrahimi v. City of Huntsville Bd. of Educ.*,
114 F.3d 162 (11th Cir. 1997) ...........................................................6

*Fox v. Loews Corp.*,
309 F. Supp. 3d 1241 (S.D. Fla. 2018)...................................................9

*Hynson v. City of Chester Legal Dep't*,
864 F.2d 1026 (3d Cir. 1988) ..............................................................5

*U.S. v. Bestfoods*,
524 U.S. 51 (1998)..............................................................................8

*Weiland v. Palm Beach Cnty. Sheriff's Office*,
792 F.3d 1313 (11th Cir. 2015) ........................................................4, 5

## I. INTRODUCTION

Plaintiff Forcome Co., Ltd.'s Complaint is procedurally deficient. (D.I. 1.) Rather than offer facts supporting its various causes of action against separate defendants Premier Specialty Brands, LLC, as successor-in-interest to Masterbuilt Manufacturing LLC d/b/a Kamado Joe ("Premier"), and The Middleby Corporation ("Middleby"), Forcome used prohibited shotgun pleading tactics to sweep both parties into the litigation. Forcome's tactics include incorporating by reference all preceding paragraphs in its counts and grouping Premier and Middleby together as "Defendants." The Federal Rules of Civil Procedure guard against such abuses, and federal courts regularly dismiss similar complaints to spare defendants from unwarranted expenses of litigation. The Court should do so here and grant Middleby's motion to dismiss.

## II. NATURE AND STAGE OF PROCEEDING

This is a breach of contract dispute. On September 20, 2024, Forcome filed its complaint. The parties have stipulated to extend the responsive pleading deadline up to and including January 2, 2024. Middleby now moves to dismiss all claims asserted against it.

## III. STATEMENT OF ARGUMENT

1. The Court should dismiss Forcome's claims against Middleby under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure because the

Complaint is an impermissible shotgun pleading that fails to plausibly allege that Middleby entered either Master Purchase Order or is otherwise liable under them.

## IV. BACKGROUND

On September 20, 2024, Forcome sued Premier and Middleby, asserting claims for breach of contract, promissory estoppel, quantum meruit, and unjust enrichment. (*See* D.I. 1.) The allegations concern two Master Purchase Orders ("MPOs") purportedly placed by Premier (not Middleby) for Kettle Joe Red units. Forcome contends the MPOs were breached. Both MPOs note that separate purchase orders would be issued as customer orders were received, though Forcome's complaint is silent as to any subsequent purchase orders being issued. (*See* D.I, 1-1 at 2; D.I. 1-2 at 2.) Both MPOs also clearly state that no goods would be accepted outside a prescribed shipping window. (*Id.*) Forcome does not allege that Premier or Middleby failed to accept goods shipped during the timeframes specified.

In its seventy-three-paragraph Complaint, only three paragraphs specifically mention Middleby. (D.I. 1 ¶¶ 3–4, 11.) Each of these provides general information about Middleby's corporate status and the goods it supplies globally. "Upon information and belief," Forcome alleges that Middleby is Premier's corporate parent. (*See id.* ¶ 4.)

Nearly all remaining paragraphs collectively plead actions taken by "Defendants" or individuals "appointed [by]" or "[acting] on behalf of" Defendants.

(*See, e.g.*, *id.* ¶¶ 22–25, 27–28.) In some instances, Forcome avers that "one or more of the Defendants[']" actions caused its alleged damages and triggered liability. (*See, e.g.*, *id.* ¶¶ 46, 47, 55.) Forcome does not specifically reference Middleby in any of its four counts. (*See generally id.* ¶¶ 45–73.) Likewise, none of the exhibits attached to Forcome's Complaint mention Middleby. (*See* D.I. 1-1, D.I. 1-2, D.I. 1-3.)

## V. ARGUMENT

### A. Motion to Dismiss Standard

To survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that are factually or legally conclusory are not entitled to a presumption of truth and must be supported by well-pleaded factual allegations. *See Iqbal*, 556 U.S. at 679. Thus, where a complaint fails to state sufficient facts that allege a claim for relief that is plausible on the face of the complaint, dismissal under Rule 12(b)(6) is warranted. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 570.

### B. Rule 8(a)

Fed. R. Civ. P. 8(a) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Complaints that violate this rule are often deemed

"shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Third Circuit has criticized complaints using "the all too common shotgun pleading approach" because (1) it prevents courts from screening frivolous claims at an early stage, and (2) it fails to give the defendant adequate notice of the claims levied against it and the grounds supporting each claim. *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988).

A complaint may qualify as a shotgun pleading if it (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint[,]" or (2) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015); *see also Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997) (deeming a complaint a shotgun pleading where it "offer[ed] vague and conclusory factual allegations in an effort to support a multiplicity of [] claims leveled against [multiple] defendants" ).[1]

[1] "The United States Court of Appeals for the Eleventh Circuit has articulated the bulk of existing law [concerning shotgun pleadings]," and courts in the Third Circuit regularly cite favorably to these decisions. *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (dismissing complaint where plaintiff referred to

### C. Forcome's complaint is an impermissible shotgun pleading.

The shotgun style of the Complaint is fatal to Forcome's claims against Middleby. First, each count asserted by Forcome begins with a paragraph where it "repeats and realleges [the preceding paragraphs] as if fully set herein." (D.I. 1 ¶¶ 45, 54, 60, 66.) This prototypical shotgun pleading device causes confusion here because the count-specific paragraphs that follow often provide little more than a threadbare recital of the elements supporting the cause of action. For instance, in its quantum meruit count, Forcome avers "Plaintiff reasonably and in good faith expected to be compensated by Defendants on the terms set forth in the MPOs." (D.I. ¶ 62.) But the preceding paragraphs lack any specific allegations that Middleby independently offered or otherwise obligated itself to pay for MPOs allegedly submitted *by Premier*. Likewise, in its unjust enrichment count, Forcome claims "Defendants were aware that Plaintiff was providing said goods with the reasonable expectation that Plaintiff would be paid in full for the goods, pursuant to the terms of the MPOs." (D.I. ¶ 68.) Again, the preceding paragraphs do not specifically allege any facts indicating Middleby had any knowledge regarding these transactions or Forcome's expectation as to payment. Without such facts, Middleby lacks notice as

---

defendants collectively even though "[m]ost of the defendants were not present during the events at issue").

to the basis for the claims asserted against it, rendering the Complaint deficient under Rule 8(a).

Second, Forcome impermissibly groups Premier and Middleby together in nearly every paragraph without explaining what actions Middleby independently took and without explaining the specific factual basis for Middleby's purported liability. Forcome deviates from this practice only when providing general information about the parties and to allege that Premier submitted the MPOs to Forcome. (*See, e.g.*, D.I. ¶¶ 2–4, 11, 15, 17.) The Complaint contains no facts that give rise to a reasonable inference that Middleby ever contracted with Forcome, that it made a binding promise to Forcome, or that it created a reasonable expectation that it would pay Forcome for manufacturing the Kettle Joe Red units.[2] Forcome effectively acknowledges this when it avers that "one or more of the Defendants entered into the MPOs," as it implies that one of the Defendants might not have entered the MPOs. (D.I. ¶¶ 46, 54.) Such uncertainty hardly can give rise to a "reasonable inference that [Middleby] is liable for the misconduct alleged." (*Iqbal*, 556 U.S. at 678.)

Forcome's single allegation "[u]pon information and belief" that Middleby is Premier's corporate parent, is insufficient to impute liability from Premier to Middleby. *See U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle

[2] Likewise, the exhibits attached to Complaint do not refer to or mention Middleby.

of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries.") (internal citations omitted). While courts may pierce the corporate veil under limited circumstances, Forcome fails to allege any facts supporting alter ego liability. Federal courts regularly reject pleadings that lump parents and subsidiaries together without alleging such facts. *See, e.g.*, *Fox v. Loews Corp*., 309 F. Supp. 3d 1241, 1248–49 (S.D. Fla. 2018) (dismissing complaint where plaintiff impermissibly lumped parent corporation with subsidiary and failed to support piercing of the corporate veil theory); *Creer v. World Rsrv. Monetary Exch.*, No. SACV101101AGJCGX, 2011 WL 13268018, at *3 (C.D. Cal. Mar. 29, 2011) (holding plaintiff could not lump defendants together without offering any facts supporting a theory of alter ego liability); *Ace Tree Surgery, Inc. v. Terex Corp.*, No. 1:16-CV-00775-SCJ, 2017 WL 1836307, at *4 (N.D. Ga. Feb. 21, 2017) (concluding that group pleading violated Rule 8(a) where the plaintiff failed to "provide a sufficient factual basis" for abuse of the corporate form theory).

## VI. CONCLUSION

Forcome fails to allege any facts specific to Middleby, and its dragnet pleading style is impermissible. For these reasons, the Court should grant Middleby's motion to dismiss.

Respectfully submitted, this 2nd day of January, 2025.

WILKS LAW, LLC

*/s/ D. Charles Vavala*
David E. Wilks (DE Bar No. 2793)
D. Charles Vavala (DE Bar No. 6098)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Email: dwilks@wilks.law
cvavala@wilks.law

MILLER & MARTIN PLLC
Eileen H. Rumfelt
Georgia Bar No. 040608
Peter J. Critikos
Georgia Bar No. 347689
1180 West Peachtree Street, NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Email: Eileen.rumfelt@millermartin.com
Peter.critikos@millermartin.com

**Pro Hac Vice to be filed*

*Attorneys for Premier Special Brands, LLC and The Middleby Corporation*