**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FORCOME CO., LTD.,<br><br>Plaintiff,<br><br>PREMIER SPECIALTY BRANDS, LLC, as successor-in-interest to MASTERBUILT MANUFACTURING LLC (dba "Kamado Joe"); THE MIDDLEBY CORPORATION; and XYZ COMPANY DEFENDANTS 1-20.<br><br>Defendants. | ) | C.A. No. 1:24-cv-01058-RGA |

**REPLY BRIEF IN SUPPORT OF DEFENDANT**
**THE MIDDLEBY CORPORATION'S MOTION TO DISMISS**


WILKS LAW, LLC
David E. Wilks (Bar No. 2793)
D. Charles Vavala (Bar No. 6098)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Email: dwilks@wilks.law
cvavala@wilks.law

MILLER & MARTIN PLLC
Eileen H. Rumfelt (GA Bar No. 040608)
Peter J. Critikos (GA Bar No. 347689)
1180 West Peachtree Street NW
Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Email: Eileen.rumfelt@millermartin.com
Peter.critikos@millermartin.com

**Admitted via Pro Hac Vice*

*Attorneys for Premier Special Brands, LLC and The Middleby Corporation*


Dated: February 21, 2025

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

ARGUMENT & CITATION OF AUTHORITY .......... 2

I. Middleby continues to lack due notice. .......... 2

II. Forcome has not plausibly alleged successor-in-interest liability. .......... 3

III. Premier doing business as "Middleby Outdoor" does not impute liability. .......... 5

IV. Forcome cannot amend through opposition briefing. .......... 8

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alberici v. Recro Pharma, Inc.*,
2020 WL 806719 (E.D. Pa. Feb. 14, 2020) .......... 5

*Bartol v. Barrowclough*,
251 F. Supp. 3d 855 (E.D. Pa. 2017) .......... 3

*Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*,
435 F.3d 396 (3rd Cir. 2006) .......... 6

*Berg v. C&H Fin. Servs., Inc.*,
2024 WL 1255504 (D. Del. Mar. 25, 2024) .......... 8

*Carber v. Manor Care of Wilmington De, LLC*,
2024 WL 4333011 (D. Del. Sept. 27, 2024) .......... 3

*Connelly v. Lane Constr. Corp.*,
809 F.3d 780 (3rd Cir. 2016) .......... 2

*Ebrahimi v. City of Huntsville Bd. of Educ.*,
114 F.3d 162 .......... 3

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3rd Cir. 1997) .......... 5

*In re Opus East, L.L.C.*,
480 B.R. 561 (D. Del. 2012) .......... 3

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
311 F.3d 198 (3rd Cir. 2002) .......... 4

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
2019 WL 330515 (D. Del. Jan. 25, 2019) .......... 7

*Kazar v. City of Camden*,
2016 WL 680432 (D.N.J. Feb. 19, 2016) .......... 2

*Kliesh v. Select Portfolio Servicing, Inc.*,
419 F. App'x 268 (3rd Cir. 2011) .......... 3

*Live Face on Web, LLC v. Cremation Soc'y of Ill., Inc.*, Civ. A.,
2018 WL 4927268 (E.D. Pa. Oct. 10, 2018) .......... 2

*Madison v. Jefferson Hosp.*,
373 Fed. App'x 141 (3rd Cir. 2010) .......... 4

*Mobile Oil Corp. v. Linear Films, Inc.*,
718 F. Supp. 260 (D. Del. 1989) .......... 7

*Pennsylvania ex rel. v. Zimmerman v. Pepsico*,
836 F.2d 173 (3rd Cir. 1988) .......... 9

*Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*,
998 F.2d 1192 (3rd Cir. 1993) .......... 5

*Riemensnyder v. Barr*,
2020 WL 12765469 (M.D. Pa. June 25, 2020) .......... 9

*Santiago v. Warminster Tp.*,
629 F.3d 121 (3rd Cir. 2010) .......... 2

*Schmidt v. Skolas*,
770 F.3d 241 (3rd Cir. 2014) .......... 5

*Stolz v. Fage Dairy Processing Indus.*, S.A.,
2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015) .......... 2

*Testa v. Hoban*,
2016 WL 4820631 (D.N.J. Sept. 14, 2016) .......... 9

*U.S. ex rel. Spay v. CVS Caremark Corp.*,
913 F. Supp. 2d 125 (E.D. Pa. 2012) .......... 6

*U.S, v. Kindred Healthcare, Inc.*,
469 F. Supp. 3d 431 (E.D. Pa. 2020) .......... 6

*United States v. Bestfoods*,
524 U.S. 51 (1998) .......... 7

## PRELIMINARY STATEMENT

Forcome takes an excessively narrow view of what constitutes a "shotgun pleading" to argue that it satisfied its burden of putting Middleby on notice of the claims against it as an individual defendant. Middleby does not argue that the Complaint should be dismissed merely because Forcome repeats or realleges the preceding paragraphs before each Count, or because Forcome refers to Premier and Middleby collectively as "Defendants." The Complaint cannot withstand scrutiny under Rules 12(b)(6) or 8(a) because Forcome does not allege any facts that give rise to a reasonable inference that Middleby transacted business with Forcome or sufficient facts to impute liability to Middleby for the purported actions of its subsidiaries.

Recognizing these deficiencies, Forcome attempts to supplement its allegations through extrinsic documents not attached to the complaint and unpled factual assertions. Forcome relies on the unpled assumption that because Premier does business as "Middleby Outdoor," this must mean the separate and distinct parent company, Middleby, must be liable. This, too, is impermissible and does not cure the deficiencies with its Complaint. For these reasons, the Court should grant Middleby's Motion to Dismiss.

## ARGUMENT & CITATION OF AUTHORITY

### I. Middleby continues to lack due notice.

As it stands, the operative pleading only contains one particularized averment specifically naming Middleby. (*See* D.I. 1 at ¶ 4.) Likewise, the paragraphs supporting Forcome's Counts lack any plausible facts from which the Court may reasonably infer that Middleby had anything to do with placing or cancelling the alleged MPOs. Collective pleading and vague element recitations are not acceptable means of bootstrapping liability. *Santiago v. Warminster Tp.*, 629 F.3d 121, 131 (3rd Cir. 2010); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3rd Cir. 2016) (allegations that "paraphrase in one way or another the pertinent … elements of the claims" are conclusory and "unworthy of weight); *Live Face on Web, LLC v. Cremation Soc'y of Ill., Inc.*, Civ. A. No. 18-1718, 2018 WL 4927268, at *2 (E.D. Pa. Oct. 10, 2018) ("collective[e] allegations" failed to state claim where they omitted "the actions each Defendant took"); *Kazar v. City of Camden*, Civ. No. 15-1527, 2016 WL 680432, at *3 (D.N.J. Feb. 19, 2016) ("*Iqbal* teaches that a plaintiff who alleges the same basic facts against all the defendants is unlikely to assert a plausible claim."); *Stolz v. Fage Dairy Processing Indus.*, S.A., No. 14-CV-3826, 2015 WL 5579872, at *29 (E.D.N.Y. Sept. 22, 2015) (determining that collectively pleading, without distinguishing actions by each defendant, failed to support plausible cause of action against parent company). Forcome's incorporation of the

vague averments supporting its counts does not rehabilitate their factual shortcomings. (*See* D.I. 27 at 13–15.)

Absent due notice, Forcome's Complaint qualifies as a shotgun pleading under this district's well-established construct borrowed from the Eleventh Circuit.[1] For this reason, the claims against Middleby should be dismissed.

## II. Forcome has not plausibly alleged successor-in-interest liability.

Forcome does not dispute that Middleby was uninvolved in the alleged transactions with Premier. Instead, Forcome apparently seeks to impute liability from Masterbuilt Manufacturing to Middleby under a successor-in-interest theory.[2] But as Forcome's own authority recognizes, merely alleging such a relationship is insufficient. *See Carber v. Manor Care of Wilmington De, LLC*, No. 1:23-CV-320-

[1] Forcome's authority does not support its suggestion that "only the most egregiously confusing [shotgun] complaints are subject to dismissal." (*See* D.I. 27 at 16 n.7.) Neither *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 860 (E.D. Pa. 2017), nor *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162. 164-165 (11th Cir. 1997), purport to limit their holdings to the specific factual scenarios considered. Instead, both speak to the paramount importance of notice, which Forcome fails to provide here.

[2] Forcome also continues to assert that liability should be imputed from Premier to Middleby because Premier is a Middleby's subsidiary. (*See, e.g.*, D.I. 27 at 7.) But Forcome failed to refute that a claimant must plead facts supporting alter ego liability before piercing the corporate veil. (*See* D.I. 15 at 10.) *See also In re Opus East, L.L.C.*, 480 B.R. 561, 570 (D. Del. 2012) (holding complaint failed to state plausible veil-piercing theory); *Kliesh v. Select Portfolio Servicing, Inc.*, 419 F. App'x 268, 270 n.1 (3rd Cir. 2011) (finding no plausible claim against entity sued "solely due to its role as a parent company").

SRF, 2024 WL 4333011, at *4 (D. Del. Sept. 27, 2024) (dismissing parent company because the complaint "stop[ped] short of alleging on what basis [the parent] should be held vicariously liable for the conduct of [its subsidiary] and its employees"). "Conclusory allegations [like Forcome's successor-in-liability statement] are not entitled to the assumption of truth." *Madison v. Jefferson Hosp.*, 373 Fed. App'x 141, 142 (3rd Cir. 2010) (citation omitted). The Court is also "not required to credit bald assertions," such as Forcome's conclusory statement that "one or more mergers and/or acquisitions" conferred liability. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3rd Cir. 2002). Without more, all this statement does is generally describe how successor liability can potentially arise; it does not plausibly allege that liability was conveyed here.

Forcome attempts to remedy the absence of plausible facts by relying on an online press release announcing the acquisition of Masterbuilt Holdings (not Masterbuilt Manufacturing) by Middleby. Not only are the subject entities different, but Forcome's reliance on this document also misses the point. The acquisition is not disputed. The point is that Forcome has not plausibly alleged that the acquisition amounts to imputed liability. Even if the Court were to consider the online press

release, it does not give rise to a reasonable inference that Middleby is the successor-in-interest to Masterbuilt Manufacturing.[3]

## III. Premier doing business as "Middleby Outdoor" does not impute liability.

Forcome also insists that the Complaint alleges Middleby's involvement in cancelling the MPOs. This is an incredible assertion considering the only particularized averment about Middleby is the conclusory language describing it as Premier's parent company and Masterbuilt Manufacturing's successor-in-interest. (*See* D.I. 1 at ¶ 4.)

To bridge the gap between what the Complaint actually says and how it would like for it read, Forcome again turns to extrinsic documents – this time post-cancellation email exchanges between Premier and Forcome. Specifically, Forcome

---

[3] Contrary to Forcome's suggestion, the press release is not one of the limited documents the Court may consider at the pleading stage. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."); *Alberici v. Recro Pharma, Inc.*, No. CV 18-2279, 2020 WL 806719, at *8 (E.D. Pa. Feb. 14, 2020) (declining to consider a press release at the motion to dismiss stage because the "document [was] not within the scope of the Third Circuit's narrow construction of the 'public records' exception") (citation omitted). The press release also does not qualify for exception under the Third Circuit's integral document doctrine. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3rd Cir. 1997) (internal quotations marks and citation omitted); *See Schmidt v. Skolas*, 770 F.3d 241, 249–50 (3rd Cir. 2014) (holding press releases "are not integral to the complaint—the complaint was not based upon press releases").

asks the Court to consider emails from Stephen Gazdick and Dora Zhang because "[t]he emails . . . [purportedly] confirm that they both work for Middleby." (D.I. 27 at 12.)

"Middleby Outdoor" is simply a d/b/a for Premier, the proper (and already named) defendant in this case.[4] Public records reflecting this fact are readily accessible. (*See* Application to Register Business Under a Trade Name, No. 2023TN00444 (Dekalb Super. Ct. Oct. 23, 2023), attached as **Exhibit A**; *The Champion Legal Section* at 43, CHAMPION NEWSPAPER (Nov. 9, 2023), attached as **Exhibit B.)** Unlike the press release submitted by Forcome, both of these documents qualify as public records, and therefore the Court may consider them. *See U.S. ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 139 (E.D. Pa. 2012) (classifying "court-filed documents" as public records); *U.S, v. Kindred Healthcare, Inc.*, 469 F. Supp. 3d 431, 438 n.3 (E.D. Pa. 2020) ("Courts may also take judicial notice of news reports to evaluate 'what was in the public realm' at a given time.") (citing *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3rd Cir. 2006)).

It is unreasonable to infer that the phrase "Middleby Outdoor" appearing in a signature block or email domain name operates to impute liability from Premier to

[4] As the Court may recall, Premier is the entity listed in both alleged MPOs. (*See* D.I. 1-1; D.I. 1-2.)

Middleby.[5] To hold otherwise would allow claimants to drag a parent company into court for the actions of a subsidiary anytime the entity names shared a common word. This would erode principles of limited liability enshrined in American corporate law and relied on heavily by businesses in this district. *See IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 330515, at *10 (D. Del. Jan. 25, 2019*)* ("It is a general principle of corporate law deeply ingrained in our economic and legal system that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries.") (quoting *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)); *Mobile Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 270 (D. Del. 1989) ("Limited liability is the general rule, not the exception.").

Further, none of the emails presented by Forcome show that Gazdick or Zhang entered or cancelled the alleged MPOs. (*See generally* D.I. 28-3; D.I. 28-4.) At most, the emails show that Gazdick and Zhang had limited involvement in collecting and communicating post-cancellation information related to the dispute. Even assuming that Gazdick and Zhang were Middleby employees (they were not), their ancillary participation after the fact does not support a reasonable inference that liability

[5] Likewise, references to sending documents to Middleby Outdoor's "head office" in the United States are unremarkable because Premier is a U.S.-based company.

should be imputed from Premier to Middleby for events that far pre-dated their involvement.

## IV. Forcome cannot amend through opposition briefing.

Because Forcome's complaint is procedurally deficient, Forcome goes well beyond the four corners of its pleading in opposing Middleby's Motion to Dismiss. Forcome first asks the Court to take notice of content contained in extrinsic documents that is not even referenced in Forcome's pleading (*e.g.*, corporate logos, domain names). Then, Forcome asks the Court to consider unpled assertions based on these extraneous details as though that language appears in the Complaint. For example, Forcome identifies Gazdick and Zhang as "Middleby employees" for the first time in its response, whereas the Complaint makes no such characterization. (*See, e.g.*, D.I. 27 at 5.) Likewise, Forcome states in its brief that Middleby is a successor-in-interest to the Masterbuilt Manufacturing "brand," when that term is absent from its pleading. (*Id.*).

This is improper. Forcome cannot amend or supplement its Complaint through briefing because "[a] motion to dismiss tests the sufficiency of the allegations that are actually in the operative pleading, not allegations made in briefs or other motions." *Berg v. C&H Fin. Servs., Inc.*, No. 1:23-CV-00181-CFC, 2024 WL 1255504, at *3 (D. Del. Mar. 25, 2024) (dismissing breach of contract claim where the plaintiff did not identify the breached contractual provision in its complaint and

only did so in its brief); *see also Pennsylvania ex rel. v. Zimmerman v. Pepsico*, 836 F.2d 173, 181 (3rd Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted). Federal courts regularly disregard such allegations. *See, e.g.*, *Testa v. Hoban*, No. CV160055FLWDEA, 2016 WL 4820631, at *6–*7 (D.N.J. Sept. 14, 2016) (declining to consider facts raised in opposition brief that supposedly supported agency relationship); *Riemensnyder v. Barr*, No. 3:20-CV-109, 2020 WL 12765469, at *2 (M.D. Pa. June 25, 2020) ("On occasion, plaintiffs attempt to supplement a complaint by setting forth a more detailed factual narrative of their claims in the brief in opposition to the instant motion. Such efforts are unavailing.").

Similarly, Forcome uses inconsistent specificity when referring to the subject corporate entities in its briefing from those asserted in the Complaint. In some instances, it uses greater specificity, such as when it refers to "Middleby" instead of "Defendants." (*Compare* D.I. 1 ¶¶ 20–21 (averring "Defendants" cancelled the alleged MPOs) *with* D.I. 27 at 13 (asserting it was "Middleby" who did not honor the MPOs). In other instances, it blurs the entity names to obfuscate their corporate distinctiveness. For example, Forcome lumps together The Middleby Corporation and Middleby Outdoor as "Middleby." (*See, e.g.*, D.I. 27 at 12.) Similarly, Forcome groups together Masterbuilt Holdings and Masterbuilt Manufacturing as "Masterbuilt." (*See, e.g.*, D.I. 27 at 11 n.5.) These tactics underscore Forcome's

disregard for the concept of limited liability and highlight why Middleby lacks notice as to the basis for the claims against it.

## CONCLUSION

Forcome's Complaint lacks any well-pleaded facts supporting Middleby's continued involvement in this lawsuit, and the extrinsic evidence Forcome relies upon is similarly lacking. The Court should grant Middleby's Motion to Dismiss and dismiss Forcome's claims against Middleby.

Dated: February 21, 2025

WILKS LAW, LLC

/s/ D. Charles Vavala
David E. Wilks (Bar No. 2793)
D. Charles Vavala (Bar No. 6098)
4250 Lancaster Pike, Suite 200
Wilmington, DE 19805
Telephone: (302) 225-0850
Email: dwilks@wilks.law
Email: cvavala@wilks.law

MILLER & MARTIN PLLC
Eileen H. Rumfelt
Georgia Bar No. 040608
Peter J. Critikos
Georgia Bar No. 347689
1180 West Peachtree Street, NW, Suite 2100
Atlanta, Georgia 30309
Telephone: (404) 962-6100
Email: Eileen.rumfelt@millermartin.com
Email: Peter.critikos@millermartin.com

*Attorneys for Defendants Premier Special Brands, LLC and The Middleby Corporation*