IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FORCOME CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 24-1058-RGA |
| PREMIER SPECIALTY BRANDS, | ) |
| LLC, as successor-in-interest to | ) |
| MASTERBUILT MANUFACTURING | ) |
| LLC (dba "Kamado Joe"); THE | ) |
| MIDDLEBY CORPORATION; and XYZ | ) |
| COMPANY DEFENDANTS 1-20. | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Presently before the court in this civil action for breach of contract is a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), filed by defendant The Middleby Corporation ("Middleby").[1] For the following reasons, I recommend that the court **GRANT** the motion to dismiss and **DISMISS** the claims against Middleby without prejudice.

I.   **BACKGROUND**

Plaintiff Forcome Co., Ltd. ("Forcome") is a China-based company that manufactures and sells outdoor products, tools, and equipment. (D.I. 1 at ¶ 9) Defendant Premier Specialty Brands, LLC ("Premier") is a Delaware limited liability company and a successor-in-interest to Masterbuilt Manufacturing LLC. (*Id.* at ¶ 2) Premier specializes in the design, marketing and distribution of premium kamado-style ceramic grills, among other outdoor products, and it

---

[1] The briefing and filings submitted for this motion can be found at D.I. 15, D.I. 27, D.I. 28, and D.I. 30.

operates as part of the Middleby Outdoor division. (*Id.* at ¶ 10) The complaint further alleges that Middleby is a Delaware corporation and the parent corporation of Premier. (*Id.* at ¶¶ 3-4) It is alleged that through one or more mergers and/or acquisitions, Middleby emerged as the successor-in-interest to Masterbuilt Manufacturing, LLC. (*Id.* at ¶ 4)

The complaint alleges that Premier placed orders with Forcome for "Kettle Joe Red" charcoal grill units on two occasions, and the orders were memorialized in two Master Purchase Orders ("MPOs") dated July 28, 2021 and September 10, 2021. (*Id.* at ¶¶ 15-18) Forcome contends that it ordered materials for manufacturing the grill units in reliance upon the purchase orders. (*Id.* at ¶ 19) (citing D.I. 1, Exs. A-B) However, Defendants sent an email cancelling the orders on June 7, 2022. (*Id.* at ¶ 20) (citing D.I. 1, Ex. C)

The instant suit was filed on September 20, 2024, and the complaint alleges four counts against Defendants for breach of contract (Count I), promissory estoppel (Count II), quantum meruit (Count III), and unjust enrichment (Count IV).

## II.  LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true in the light most favorable to the plaintiff, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations

allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

### III.  DISCUSSION

Middleby argues that the claims against it should be dismissed because the complaint is an impermissible "shotgun pleading" which fails to plausibly plead any claims against Middleby separate and apart from its co-defendant, Premier. (D.I. 15 at ¶ 5)  In response, Forcome cites portions of the complaint purportedly showing that Middleby was directly involved in cancelling the MPOs. (D.I. 27 at 7-12)  Subsequent to its receipt of the cancellation email of June 7, 2022, Forcome engaged with individuals it alleges were representatives of Defendants to resolve the dispute concerning the cancellation of the MPOs. (D.I. 1 at ¶¶ 22-32)  Forcome does not identify in the complaint which defendant allegedly employed the individuals. Specifically, Forcome relies upon emails attached to its answering brief in support of its argument that the representatives of the Defendants it identified in the complaint must be employed by Middleby because the domain name "middlebyoutdoor.com" appears in their email addresses. (*Id.* at 8)

3

(D.I. 27, Citing D.I. 28 Exs. 3-4). "In evaluating a motion to dismiss, the Court may consider documents that are attached to or submitted with the complaint...matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, order, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotation marks omitted). Therefore, for purposes of the instant motion, the court will consider the emails incorporated by reference in the complaint.

An impermissible "shotgun pleading" is a pleading that asserts numerous claims against multiple defendants without giving adequate notice of the grounds on which the claims rest. *Samuel v. Centene Corp.*, C.A. No. 23-1134-JLH-SRF, 2024 WL 3552869, at *4 (D. Del. July 26, 2024), *report and recommendation adopted, Desmond v. Centene Corp.*, 2024 WL 4315028 (D. Del. Sept. 27, 2024) (citing *Brown v. Nicklow*, 2023 WL 1766272, at *3 (M.D. Pa. Feb. 3, 2023)). The Third Circuit generally agrees with the approach of the Eleventh Circuit in *Weiland* which categorized "shotgun pleadings" into four types: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separat[e] into a different count each cause of action or claim for relief; and (4) a complaint that assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claims are brought against. *Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)) (internal citations omitted).

Here, only three paragraphs of the complaint contain allegations specific to Middleby:

> 3. Defendant, The Middleby Corporation ("Middleby"), is a corporation organized and existing pursuant to the laws of Delaware, and maintaining a principal place of business at 1400 Toastmaster Drive, Elgin, IL, 60120.
>
> 4. Upon information and belief, at all times relevant hereto, Middleby was and is the parent corporation of Premier, which operates under the Middleby Outdoor division. Through one or more mergers and/or acquisitions, Middleby is a successor-in-interest to Masterbuilt Manufacturing, LLC. . . .
>
> 11. Middleby is a global company that manufactures and markets products and services for commercial, residential, and industrial foodservice.

(D.I. 1 at ¶¶ 3-4, 11)  The foregoing paragraphs identify Middleby's corporate status and purported relationship with Premier.  Nonetheless, the complaint fails to state the basis for holding Middleby separately liable for cancellation of the MPOs that Premier entered with Forcome.  The MPOs display a Masterbuilt logo with the purchaser identified as Premier. (D.I. 1, Exs. A-B)  Moreover, the email cancelling the MPOs was sent to Forcome by an individual with the title of "Senior Buyer" for Masterbuilt.  (*Id.*, Ex. C)  The complaint does not allege a basis for holding Middleby liable for the conduct of Premier and/or Masterbuilt.

The incorporation into the record of the emails attached to Forcome's answering brief does not cure the pleading deficiency.  Forcome rests on a conclusory argument that Middleby is on notice of the claims that were collectively asserted against all Defendants, and that Middleby is presumptively jointly and/or severally liable to Forcome by virtue of its status as Premier's corporate parent and the successor-in-interest to Masterbuilt. (D.I. 27 at ¶ 7)  Forcome cites no authority for its argument.  Such conclusory allegations are insufficient to establish a facially plausible basis for liability against Middleby, such as pursuant to an agency or alter ego theory, neither of which is alleged in the complaint. *See, e.g., T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, C.A. No. 16-581-RGA-MPT, 2017 WL 896988, at *5 (D. Del. Mar. 7, 2017), *report and recommendation adopted*, C.A. No. 16-581-RGA-MPT, D.I. 22 (D. Del. Mar. 22, 2017)

5

(explaining that factual allegations of "nothing more than a close relationship and coordination among defendants" is insufficient to plead an alter ego theory under Rule 12(b)(6)). Accordingly, I recommend that the complaint fails to state a claim against Defendant, Middleby.

## IV.  CONCLUSION

For the foregoing reasons, I recommend that the court **GRANT** the motion to dismiss and **DISMISS** counts I through IV against Defendant, Middleby, without prejudice.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: September 9, 2025

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE